[Cite as *Greater Dayton Premier Mgt. v. Pickens*, 2017-Ohio-477.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| GREATER DAYTON PREMIER MANAGEMENT | : | |
| | : | |
| | : | C.A. CASE NO.   27261 |
| Plaintiff-Appellee | : | |
| | : | T.C. NO. 15CVG4861 |
| v. | : | |
| | : | (Civil Appeal from |
| WILLIAM PICKENS, SR. | : |  Municipal Court) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the ___10th___ day of _____February_____, 2017.

. . . . . . . . . . .

CHRISTOPHER C. GREEN, Atty. Reg. No. 0077072, 400 Wayne Avenue, Dayton, Ohio 45410
        Attorney for Plaintiff-Appellee

WILLIAM PICKENS, SR., 2765 Wentworth Avenue, #503, Dayton, Ohio 45406
        Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant William Pickens, Sr. appeals, pro se, a judgment of the Dayton Municipal Court adopting the decision of the magistrate granting plaintiff-appellee Greater Dayton Premier Management's (hereinafter "GDPM") action for forcible entry and detainer evicting Pickens from his rental property based on his failure to pay rent.   The trial court issued its decision on August 23, 2016.   Pickens filed a timely notice of appeal

with this Court on September 9, 2016.

**{¶ 2}** The record establishes that on November 5, 2015, GDPM filed a complaint against Pickens for failure to pay rent from the month of May in 2015, through October of 2015.   The documents submitted to the trial court, including the rental agreement signed by Pickens, establish that his monthly rent was $231.00.   Accordingly, in light of Pickens' failure to pay rent for the six month period between May and October of 2015, GDPM sought damages from him in the amount of $1,386.00.

**{¶ 3}** A hearing was held before the magistrate regarding GDPM's complaint on December 4, 2015.   At the hearing, Pickens gave the following testimony upon being questioned by the magistrate:

The Court: Mr. Pickens are you behind in rent, sir?

Pickens: *Yes, I am.*

Q: And do you have a legal defense for being behind?

A: There was a verbal agreement that would exclude one month of the rent and when I went to pay the rent that was due they charged me for court costs which I wasn't responsible for and when I continually tried to pay the rent they stopped – they refused to receive the rent.

Q: So how many months are you behind?

A: *This is now since this is November* [2015] – *eight* [months].

Q: *And you didn't put your rent in escrow?*

A: *I put it in escrow and the stay of writ of restitution and they –*

Q: *You have an escrow account with our Court?*

A: *I haven't opened an escrow account on this case.   The case*

*where I had entered the stay of writ for* (inaudible) *restitution –*

\*\*\*

Pickens: Ok that's why – I entered the stay – the request for stay. It was granted. I've been paying my rent to the Court. During that time I've been trying to get GDPM to clear up the issue of the verbal agreement and the court costs.

The Court: *Ok[,] so what I'm asking you is you've opened up an account with the clerk under an escrow account and you've paid your rent here?*

A: *No, Your Honor.*

Q: Well that's what an escrow account is so what you are saying –

A: What I did – I was told by the Court to make deposit of the rent, the amount [is] $231.00 per month, to maintain the (inaudible) and that's what I've been doing.

Q: What case number is that under? Counsel [for GDPM], do you know what he's talking about?

GDPM: Ugh huh[,] but evidentally – he was filed for an eviction for having a lock on his door back in March of this year.

The Court: All right.

GDPM: We did not accept.

\*\*\*

GDPM: In April[,] we dismissed the case. He didn't pay April [rent]. He didn't pay May. He says that we were adding court costs to his rent.

It was removed. He didn't pay May. He didn't pay June. He didn't change the lock. He didn't pay August. We filed him for eviction. He asked for a grievance hearing. Before the grievance hearing decision came out although he was (inaudible). Subsequently dismissed that case. That was the case he was paying escrow on. We had a grievance hearing on the notice we gave him in September [2015]. He told us he would be able to pay us all of the rent by October 5th. He did not pay it by October 5th. We gave him a notice on October 10th which gave him the right to have all the rent paid by the 26th of October. He did not pay it in October by October 26th. It is now – we filed him in November [2015] and that's what we are here on. He has not paid rent since April of this year [2015].

The Court: Ok, sir, do you have receipts to show that you are current in your rent?

Pickens: What I have is the money orders for the rent that I've been trying to turn over to GDPM which they were refusing to accept.

The Court: *So you are behind. All right*[,] *I'm going to grant restitution of the premises with the second cause continued. You* [Pickens] *need to make sure you finish moving your belongings out before the bailiff arrives and if you want to dispute the amount of money they are claiming that you owe you need to make sure you file your answer and we will hear those issues at a later hearing.* ***

{¶ 4} After the hearing, the trial court issued a judgment entry on December 4, 2015, finding that Pickens had breached the terms of his rental agreement by failing to

pay his rent. The trial court also found that Pickens had failed to place any rent money in escrow and granted GDPM restitution of the rental premises. Pickens filed his objections to the magistrate's decision on December 4, 2015, the same day the magistrate's decision was issued. GDPM filed its motion to overrule Pickens' objections on January 5, 2016. Thereafter, on August 19, 2016, GDPM filed its brief in opposition to Pickens' objections to the magistrate's decision. On August 23, 2016, the trial court issued a decision overruling Pickens' objections and adopting the magistrate's decision in its entirety. Specifically, the trial court found that Pickens was in arrears for his rent payments from May 2015 through October 2015, and granted restitution of the rental premises to GDPM.

{¶ 5} It is from this judgment that Pickens now appeals.

{¶ 6} Pickens' sole assignment of error is as follows:

{¶ 7} "THE MAGISTRATE DISPLAYED JUDICIAL MISCONDUCT IN THAT CONTRADICTORY STATEMENTS MADE BY APPELLEE WERE CONSIDERED IN THE DECISION WHILE FACTUAL STATEMENTS OF APPELLANT WERE NOT."

{¶ 8} Initially, we note that in his sole assignment, Pickens seemingly misunderstands the applicable appellate standard of review in the instant case. Our standard of review focuses upon whether the trial court abused its discretion when it chose to either adopt or reverse the magistrate's decision. We will proceed as if Pickens' assigned error discussed how the trial court abused its discretion when it adopted the magistrate's decision and granted restitution of the premises to GDPM.

{¶ 9} The appropriate standard to be employed by the trial court when reviewing a magistrate's decision we set forth in *Quick v. Kwiatkowski,* 2d Dist. Montgomery No.

18620, 2001 WL 871406, *3 (Aug. 3, 2001):

Magistrates are neither constitutional nor statutory courts. Magistrates and their powers are wholly creatures of rules of practice and procedure promulgated by the Supreme Court. Therefore, magistrates do not constitute a judicial tribunal independent of the court that appoints them. Instead, they are adjuncts of their appointing courts, which remain responsible to critically review and verify the work of the magistrates they appoint. * * * Civ.R. 53(E)(4)(b) contemplates a *de novo* review of any issue of fact or law that a magistrate has determined when an appropriate objection is timely filed. The trial court may not properly defer to the magistrate in the exercise of the trial court's *de novo* review. The magistrate is a subordinate officer of the trial court, not an independent officer performing a separate function.

The "abuse of discretion" standard that the trial court applied to review the decision of its magistrate is an appellate standard of review. It is applicable to the review performed by a superior court of the judgments and orders of inferior courts. Inherent in the abuse of discretion standard are presumptions of validity and correctness, which acknowledge the independence of the inferior courts by deferring to the particular discretion they exercise in rendering their decisions. Because its magistrate does not enjoy that independence, such presumptions are inappropriate to the trial court's review of a magistrate's decisions. Therefore, a trial court errs when it applies the abuse of discretion standard of review in ruling on Civ.R.

53(E)(3) objections to the decision of the appointed magistrates * * *.

{¶ 10} Pickens also seemingly misapprehends that this court cannot disturb a trial court's decision as being against the manifest weight of the evidence if the decision is supported by some competent and credible evidence. *C.E. Morris Company v. Foley Construction Company*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

{¶ 11} Pickens asserts the following arguments for our review: 1) GDPM improperly refused to accept his rent payments; 2) he should not have to pay the full amount of rent based upon an alleged oral agreement with GDPM for the month of April, 2015; and 3) that he is owed approximately $39,000.00 stemming from an accident for which he argues GDPM is responsible. Pickens' arguments are not supported by the record in the instant case.

{¶ 12} In reviewing Pickens' argument, we must be guided by the presumption that the trial court is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and to use these observations in weighing the credibility of the proffered testimony. *Seasons Coal Company, Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). We must defer to the factual findings of the judge regarding the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. We may not substitute our judgment for that of the trier of fact. *Pons v. Ohio State Medical Board*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993).

{¶ 13} Upon review, we conclude that the record in the instant case supports the trial court's decision to adopt the magistrate's decision granting GDPM's complaint in forcible entry and detainer against Pickens. Pickens acknowledged that while he had

purportedly attempted to remit his rent payment to GDPM, after the filing of an eviction complaint upon refusal thereof, he did not place any of the disputed rent payments into escrow with the trial court. Furthermore, there is no evidence of such money orders in the record nor is there any evidence in the record that GDPM was required to accept them while this civil action was pending. Simply put, Pickens admitted to not placing the disputed payments into escrow as required by law. The fact that he had escrowed rent in an earlier eviction filing, covering an earlier time frame (which was subsequently dismissed by GDPM) is wholly irrelevant. Furthermore, there is no evidence in the record that GDPM is responsible for the $39,000.00 in damages purportedly incurred by Pickens in a vehicular traffic accident. Thus, on the record before us, we cannot say the trial court abused its discretion in overruling Pickens' objections to the magistrate's decision, and adopting the decision as its own.

{¶ 14} Pickens' sole assignment of error is overruled.

{¶ 15} Pickens' sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies mailed to:

Christopher C. Green
William Pickens, Sr.
Hon. Mia Wortham Spells